UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

LAWRENCE FELTZIN,

    Plaintiff,

v.

CITY CENTRE ASSOCIATES LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, LAWRENCE FELTZIN, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues CITY CENTRE ASSOCIATES LLC, (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA").

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, LAWRENCE FELTZIN, is an individual over eighteen years of age, residing in Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, CITY CENTRE ASSOCIATES LLC, owned and operated the commercial buildings located at 2000 PGA Boulevard 5500, Palm Beach Gardens, Florida, 33408 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida.

5. At all times material, Defendant, CITY CENTRE ASSOCIATES LLC, was and is a Foreign Limited Liability Company, registered to do business in the State of Florida, with its principal place of business in North Palm Beach, Florida.

6. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Palm Beach County, Florida, Defendant regularly conducts business within Palm Beach County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

7. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

8. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and property.

9. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

10. Plaintiff, LAWRENCE FELTZIN, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, LAWRENCE FELTZIN, is paralyzed and is substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. He requires the use of a wheelchair to ambulate and uses a manual wheelchair.

11. Mr. Feltzin is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and

others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

12. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Me. Feltzin is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

13. Defendant, CITY CENTRE ASSOCIATES LLC, owns, operates, and oversees the Commercial Property, its general parking lot/or and parking spots specific to the business therein, located in Palm Beach County, Florida, that is the subject of this Action.

14. The subject Commercial Property is open to the public. The individual Plaintiff visits the Commercial Property and businesses located within the commercial property, to include a visit to the Commercial Property and business located within the Commercial Property on or about April 23, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately thirty-one (31) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within two (2) months of the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

15. The Plaintiff found the Commercial Property and the businesses named herein located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses named herein located within the Commercial Property, and wishes to continue his patronage and use of each of the premises.

16. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and businesses within, have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, LAWRENCE FELTZIN, and others similarly situated.

17. Defendant, CITY CENTRE ASSOCIATES LLC, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, CITY CENTRE ASSOCIATES LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation where Defendant, CITY CENTRE ASSOCIATES LLC, owns and operates the Commercial Property is located at 2000 PGA Boulevard 5500, North Palm Beach, Florida, 33408.

18. Plaintiff, LAWRENCE FELTZIN, has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, and businesses named herein located within the Commercial Property. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses named herein located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, without fear of discrimination.

19. Defendant, CITY CENTRE ASSOCIATES LLC, as landlord and owner of the Commercial Property, is responsible for all ADA violations listed in this Complaint.

20. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and businesses located therein, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – ADA VIOLATIONS AS TO DEFENDANT CITY CENTRE ASSOCIATES LLC

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, CITY CENTRE ASSOCIATES LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, includes but are not limited to, the following:

**Common Areas**

    A. Parking and Exterior Accessible Routes

i. Parking spaces throughout the Commercial Property contain slopes beyond limits, surface cracks within parking spaces and lack compliant accessible routes from accessible parking, violating Sections 402 and 502 of the 2010 Accessibility Standards, whose resolution is readily achievable. These conditions during numerous visits prevented Mr. Feltzin from unloading from his vehicle freely and safely.

ii. The Commercial Property fails to provide the required number of compliant accessible parking spaces, violating Section 502 of the 2010 Accessibility Standards, whose resolution

5

      is readily achievable. The lack of accessible parking makes Mr. Feltzin park in open areas so he can unload freely and safely from his vehicle.

iii.     Curb ramps provided to access stores at the Commercial Property are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards, whose resolution is readily achievable. These conditions are unsafe for Mr. Feltzin when he accesses the curb ramps.

iv.     The exterior accessible route from parking spaces and throughout the Commercial Property fails to provide a safe accessible route, violating Section 402 of the 2010 Accessibility Standards, whose resolution is readily achievable. Mr. Feltzin was forced to travel through abrupt changes of level and/or slopes and in the traffic area of the center area to get to the curb ramp.

v.     The Commercial Property fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards, whose resolution is readily achievable. The lack of a compliant accessible route prevents the option of public transportation for Mr. Feltzin

**<u>Stage Kitchen</u>**

    B.  <u>Access to Goods and Services</u>

i.     Payment counters and other accessible elements are mounted beyond the reach of Mr. Feltzin, violating Sections 308 and 904 of the 2010 Accessibility Standards, whose resolution is readily achievable.

ii.     Stage Kitchen failed to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards, whose resolution is readily achievable. Mr.

6

Feltzin was unable to dine comfortably due to a lack of accessible tables.

iii. Entering Stage Kitchen is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards, whose resolution is readily achievable. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

C. <u>Restrooms</u>

i. Restrooms at Stage Kitchen were reported to be unsafe for use by the Plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls, improper grab bars and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards, whose resolution is readily achievable.

ii. Restrooms at Stage Kitchen provide dispensers beyond reach of wheelchair users and are inaccessible to the Plaintiff, violating Section 308 of the 2010 Accessibility Standards, whose resolution is readily achievable.

iii. Lavatories at Stage Kitchen lack knee clearance and/or insulated pipe wrap accessibility preventing the Plaintiff from freely accessing the lavatory, violating Section 606 of the 2010 Accessibility Standards, whose resolution is readily achievable.

iv. Using restrooms doors at Stage Kitchen is impeded by round doorknobs, improper signage and/or a lack of maneuvering clearance due to policies, violating Section 404 of the 2010 Accessibility Standards, whose resolution is readily achievable. Round doorknobs, stored goods and/or maneuvering space impede Mr. Feltzin from easily accessing doors.

## RELIEF SOUGHT AND THE BASIS

23. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access listed in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.  The remediations for the ADA violations listed herein are readily achievable.

24. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by the Defendant, Defendant's building, the businesses and facilities therein; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

25. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford

all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation. The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

28. Notice to a defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the Commercial Property, and the businesses named herein located within the commercial property, located at and/or within the commercial property located at 2000 PGA Boulevard 5500, North Palm Beach, Florida, 33408, the exterior areas, and the common exterior areas of the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons;

or by closing the facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, the Plaintiff, LAWRENCE FELTZIN, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 15, 2024

Respectfully submitted,

**GARCIA-MENOCAL P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: bvirues@lawgmp.com
Secondary E-Mails: amejias@lawgmp.com
aquezada@lawgmp.com; jacosta@lawgmp.com

By: ___/s/ Beverly Virues___
       BEVERLY VIRUES
       Florida Bar No.: 123713
       ARMANDO MEJIAS
       Florida Bar No.: 1045152

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155

        Telephone: (305) 350-3103
        Primary E-Mail: rdiego@lawgmp.com
        Secondary E-Mail: ramon@rjdiegolaw.com

        By: ___/s/ Ramon J. Diego___
          RAMON J. DIEGO
          Florida Bar No.: 689203